[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10743
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cr-80108-RLR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MASONIEK STINFORT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 20, 2018)

Before MARTIN, NEWSOM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Masoniek Stinfort pleaded guilty to five counts of aggravated identity theft, five counts of wire fraud, and conspiracy to commit wire fraud.  He now appeals his 144-month, within-Guidelines sentence, arguing that the district court clearly erred in applying a two-level sophisticated-means enhancement under U.S.S.G. § 2B1.1(b)(10)(C), and a four-level aggravating-role enhancement under U.S.S.G. § 3B1.1(a).  Stinfort also argues that his sentence is procedurally and substantively unreasonable because it is based on a miscalculation of the Guidelines and an incorrect weighing of the sentencing factors under 18 U.S.C. § 3553(a).  After careful review of the record, we affirm Stinfort's sentence.

The facts are known to the parties; we do not repeat them here except as necessary.

## I

First, we consider whether the district court erred in applying a two-level enhancement for Stinfort's use of sophisticated means.  We review a district court's factual findings related to sentencing enhancements—including a finding that the defendant used sophisticated means—for clear error.  *United States v. Clarke*, 562 F.3d 1158, 1165 (11th Cir. 2009).  Thus, we will disturb the district court's imposition of a sentencing enhancement only if, on the entire record, we are left with the "definite and firm conviction" that the court made a mistake. *United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007).

2

The Sentencing Guidelines provide for a two-level enhancement to a defendant's base offense level where the offense "involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means." U.S.S.G. § 2B1.1(b)(10)(C). The Application Note to § 2B1.1 sets forth a "nonexclusive list of examples of sophisticated means of concealment[,]" *United States v. Feaster*, 798 F.3d 1374, 1380 (11th Cir. 2015), such as "locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction," "hiding assets or transactions, or both, through the use of fictitious entities," and using "corporate shells, or offshore financial accounts." U.S.S.G. § 2B1.1(b)(10)(C) cmt. n.9.

But these examples are not the only considerations that warrant a sophisticated-means enhancement. In *United States v. Campbell*, we affirmed the use of the enhancement when the mayor of Atlanta solicited bribes from those seeking to do business with the city, concealed the payments using campaign accounts and credits cards issued to other people, and failed to report the funds on his income-tax returns. 491 F.3d 1306, 1309 (11th Cir. 2007). We explained that although "Campbell did not use offshore bank accounts or transactions through fictitious business entities," we saw "no difference between hiding assets or transactions . . . through the use of fictitious entities, corporate shells, or offshore

3

financial accounts, . . . and hiding assets or transactions through the use of a straw man or campaign fund." *Id.* at 1316 (quotations omitted).

We similarly affirmed application of the sophisticated-means enhancement in *United States v. Clarke,* a tax-fraud case in which the defendant concealed his income by depositing his salary into accounts in other peoples' names and by directing his employer to pay his insurance premiums directly to insurance carriers and his monthly car loan payments directly to the dealership. 562 F.3d at 1161. In upholding the district court's application of the enhancement, this Court held that, "[f]or purposes of the sophisticated means enhancement, we see no material difference between concealing income and transactions through the use of third-party accounts . . . and using a corporate shell or a fictitious entity to hide assets." *Id.* at 1166.

Likewise here, the defendant perpetrated tax fraud by using third-party names and accounts to conceal funds and transactions. The evidence showed that Stinfort's scheme spanned four years and involved the unauthorized use of 1,084 victims' personal identifying information. U.S.S.G. § 2B1.1(b)(10)(C). The evidence also reasonably showed that, after he fled a 2015 traffic stop, Stinfort's fingerprints were found on a bag containing debit cards, money orders, and cashiers' checks in many different names; notebooks with handwritten lists of names, social security numbers, and dates of birth; and IRS W-2 forms in several

4

different names.  Finally, the evidence showed that Stinfort recruited several co-conspirators and directed their participation in the scheme, using 36 different email addresses.

In sum, the district court did not clearly err—the use of numerous debit cards and checks in different names, the use of more than 1,000 victims' personal identifying information, and the orchestration of multiple people using multiple e-mail addresses to file fraudulent tax returns all support the district court's decision to apply a two-level enhancement for the use of sophisticated means.  *See* U.S.S.G. § 2B1.1(b)(10)(C); *Campbell*, 491 F.3d at 1309; *Clarke*, 562 F.3d at 1161.

## II

Next, we consider whether the district court erred in applying a four-level enhancement for Stinfort's leadership role in the tax-fraud scheme.  As noted above, we review a district court's factual findings, including a defendant's role in a crime, for clear error.  *United States v. Mesa*, 247 F.3d 1165, 1168 (11th Cir. 2001).  The government bears the burden of establishing a defendant's role in the offense.  *United States v. Pope*, 461 F.3d 1331, 1335 (11th Cir. 2006) (citing *United States v. Ndiaye,* 434 F.3d 1270, 1300 (11th Cir. 2006)).

Under § 3B1.1(a), a four-level enhancement applies if (1) "the defendant was an organizer or leader of a criminal activity," and (2) the criminal activity "involved five or more participants or was otherwise extensive."  U.S.S.G.

§ 3B1.1(a). Factors to consider in determining whether a defendant acted as an organizer or leader include: (1) "the exercise of decision making authority," (2) "the nature of participation in the commission of the offense," (3) "the recruitment of accomplices," (4) "the claimed right to a larger share of the fruits of the crime," (5) "the degree of participation in planning or organizing the offense," (6) "the nature and scope of the illegal activity," and (7) "the degree of control and authority exercised over others." U.S.S.G. § 3B1.1 cmt. n.4; *see also United States v. Caraballo*, 595 F.3d 1214, 1231 (11th Cir. 2010).

Although § 3B1.1 "requires the exercise of some authority in the organization, the exertion of some degree of control, influence, or leadership," *Ndiaye*, 434 F.3d at 1304, evidence that the defendant recruited or instructed participants in the conspiracy may be sufficient to support a leadership enhancement. *Caraballo*, 595 F.3d at 1231. To qualify for a § 3B1.1 enhancement, the defendant need only have been an "organizer, leader, manager, or supervisor of one or more of the other participants." U.S.S.G. § 3B1.1 cmt. n.2.

Here, the district court did not clearly err in finding that Stinfort was an organizer or leader of the conspiracy. Stinfort admitted to recruiting at least five co-conspirators and directing them in various ways, including by supplying them with the fraudulent bank account numbers and e-mails to be used in the scheme. U.S.S.G. § 3B1.1, cmt. n.4; *see Caraballo*, 595 F.3d at 1231. Further, a massive

6

quantity of personal identifying information was found in Stinfort's girlfriend's car with his fingerprints on it.  This included fraudulent tax returns which were later loaded onto prepaid debit cards, which were then used to purchase money orders, many of which were then deposited into Stinfort's bank account.  Thus, Stinfort did more than recruit his co-conspirators; he also organized their activities and received a large portion of the fruits of the crime.  U.S.S.G. § 3B1.1, cmt. n.4; *see Caraballo*, 595 F.3d at 1231; *Ndiaye*, 434 F.3d at 1304.

Based "on the entire record," we are not "left with the definite and firm conviction" that the district court made a mistake concerning Stinfort's leadership role in the tax-fraud scheme.  *See Robertson*, 493 F.3d at 1330.  Therefore, the district court did not clearly err in applying the § 3B1.1 enhancement.

## III

Finally, we consider whether Stinfort's sentence was procedurally or substantively unreasonable.  We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Although we do not automatically presume that a within-Guidelines sentence is reasonable, we ordinarily expect that it will be.  *United States v. Alvarado*, 808 F.3d 474, 496 (11th Cir. 2015).  A sentence below the statutory maximum is also an indicator of reasonableness.  *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).  In reviewing a sentence for reasonableness, we

7

first consider whether the district court committed any significant procedural error and then consider whether the sentence was substantively reasonable. *Gall*, 552 U.S. at 51.

A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008) (citing *Gall*, 552 U.S. at 51).

A sentence may be substantively unreasonable if a district court unjustifiably relies on any one § 3553(a) factor, fails to consider pertinent § 3553(a) factors, or bases the sentence on impermissible factors. *United States v. Pugh*, 515 F.3d 1179, 1191–92 (11th Cir. 2008). Under 18 U.S.C. § 3553(a), the sentencing court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the Sentencing Guidelines range, pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)–(7). The weight given to any one § 3553(a) factor, however, is "committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotations

omitted).  Thus, with regard to substantive reasonableness, we will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotations omitted).

Stinfort's 120-month, within-Guidelines sentence is both procedurally and substantively reasonable.[1]  *Gall*, 552 U.S. at 51.  As to procedural reasonableness, Stinfort argues only that the district court erred in calculating his Guidelines range. As discussed above, however, the district court did not clearly err in applying the enhancements for sophisticated means and aggravating role.  *Id*.  Stinfort's sentence is also substantively reasonable because while the district court chose— within its discretion—to place weight on Stinfort's history and characteristics, it also stated that it had considered each § 3553 factor.[2]  *Irey*, 612 F.3d at 1190; *Clay*, 483 F.3d at 743.

---

[1] While Stinfort's total sentence is 144 months' imprisonment, his aggravated-identity-theft convictions automatically resulted in a 24-month term of imprisonment, to run consecutive to any other term of imprisonment.  *See* 18 U.S.C. § 1028A(a)(1).  Thus, Stinfort challenges for reasonableness only his 120-month sentence for the wire-fraud and conspiracy-to-commit-wire-fraud charges.

[2] The court was not required to address Stinfort's other objections, including that his enhancements were overlapping or that he had previously spent only a small amount of time in jail.  *See United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010) (rejecting the argument that, when a judge has crafted a sentence in accordance with the § 3553(a) factors, she must also specifically mention all other mitigating factors a defendant raises).

Finally, Stinfort's sentence does not demonstrate that the district court made a "clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190. His 120-month sentence lies at the lowest point in the Guidelines range of 120 to 150 months and is therefore ordinarily expected to be reasonable. *Alvarado*, 808 F.3d at 496. It is also well below the statutory maximum sentence of 240 months—another indicator of reasonableness. *Croteau*, 819 F.3d at 1310.

* * *

To sum up, the district court did not clearly err in applying either a two-level enhancement for sophisticated means or a four-level enhancement for a leadership role. Nor did the district court abuse its discretion in weighing the § 3553 factors and sentencing Stinfort to the low end of the Guidelines range. Accordingly, we affirm Stinfort's sentence.

**AFFIRMED.**